**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ROSALIND WISE and MOONA CHOUDRY, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>COMBE INCORPORATED,<br><br>     Defendant. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Case No. 7:22-cv-10787 (PMH)<br><br>Hon. Philip M. Halpern |

PHILIP M. HALPERN, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.  With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

"Confidential" pursuant to this Order, no person subject to this Order may disclose such

Confidential Discovery Material to anyone else except as this Order expressly permits:

      2.      The Party or person producing or disclosing Discovery Material ("Producing

Party") may designate as Confidential only the portion of such material that it reasonably and in

good faith believes consists of:

      (a)      previously non-disclosed financial information (including without

      limitation profitability reports or estimates, percentage fees, design fees,

      royalty rates, minimum guarantee payments, sales reports, and sale

      margins);

      (b)      previously non-disclosed material relating to ownership or control of

      any non-public company;

      (c)      previously non-disclosed business plans, product-

      development information, or marketing plans;

      (d)      any information of a personal or intimate nature regarding any

      individual;

      (e)      previously non-disclosed trade or business secrets, secret

      processes, proprietary research, product formulas, formulation

      documents or any other confidential commercial information or

      material which could give competitors a business advantage; or

      (f)      any other category of information this Court subsequently

      affords confidential status.

      3.      With respect to the Confidential portion of any Discovery Material (including

interrogatory responses, responses to requests for admissions, pleadings, affidavits, and

responses to requests for production of documents) other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or

protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.       Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)      any person a Party retains to serve as an expert witness or otherwise

provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

8.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.     In accordance with Rule 5 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

10.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with

any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11.      In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12.      Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

13.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

14.      Recipients of Confidential Discovery Material under this Order may use such

material solely for the prosecution and defense of this action and any appeals thereto, and not

for any business, commercial, or competitive purpose or in any other litigation proceeding.

Nothing contained in this Order, however, will affect or restrict the rights of any Party with

respect to its own documents or information produced in this action.

15.     Nothing in this Order will prevent any Party from producing any Confidential

Discovery Material in its possession in response to a lawful subpoena or other compulsory

process, or if required to produce by law or by any government agency having jurisdiction,

provided that such Party gives written notice to the Producing Party as soon as reasonably

possible, and if permitted by the time allowed under the request, at least 10 days before any

disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose

compliance with the subpoena, other compulsory process, or other legal notice if the Producing

Party deems it appropriate to do so. Confidential Discovery Material, documents or

information disclosed by a third party shall be covered by this Order if a party notifies all other

parties within 30 days of receipt of such information that the information or portions thereof

constitute or contain confidential information. Until the expiration of 30 days following receipt

of such information, the information disclosed by any such third party shall be treated as

Confidential information under this Order.

16.     Each person who has access to Discovery Material designated as Confidential

pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent

disclosure of such material. Notwithstanding the foregoing, if plaintiffs or their counsel wish to

disclose Confidential Discovery Material to an expert, advisor, or consultant who is a current

employee, officer, director, contractor, subcontractor or consultant of any entity that is

presently engaged in the research, development, manufacture or sale of any body cleanser

product, that currently competes with any Combe body cleanser product ("Competitor"), they shall promptly so notify counsel for Combe, furnishing the name and addresses of the person(s) to whom the disclosures will be made or alternatively, information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection. If plaintiffs in good faith desire to provide Confidential Discovery Material to a Competitor, plaintiffs' counsel shall notify counsel for Combe in writing (including via email) reasonably identifying the information and the Parties shall meet and confer in an effort to reach agreement. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

17.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20.     The receiving party may move the Court for an Order compelling production of

the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not

assert as a ground for entering such an Order the fact or circumstances of the inadvertent

production.

21.     The disclosing party retains the burden of establishing the privileged or

protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit

the right of any party to request an *in camera* review of the Inadvertently Disclosed

Information.

22.     Within 60 days of the final disposition of this action – including all appeals – all

recipients of Confidential Discovery Material must either return it – including all copies

thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such

material – including all copies thereof. In either event, by the 60-day deadline, the recipient

must certify its return or destruction by submitting a written certification to the Producing

Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or

other forms of reproducing or capturing any of the Confidential Discovery Material.

Notwithstanding this provision, the attorneys that the Parties have specifically retained for this

action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports,

legal memoranda, correspondence, or attorney work product, even if such materials contain

Confidential Discovery Material. Any such archival copies that contain or constitute

Confidential Discovery Material remain subject to this Order.

23.     This Order will survive the termination of the litigation and will continue to be

binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

24.     This Court will retain jurisdiction over all persons subject to this Order to the

extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

SO STIPULATED AND AGREED.


/s/ Philip L. Fraietta                      /s/ Judi Abbott Curry
Philip L. Fraietta                          Judi Abbott Curry
Dated: May 18, 2023                         Dated: May 18, 2023

*Attorneys for Plaintiffs*                  *Attorneys for Defendant*



Dated: ~~New York, New York~~

    White Plains, New York
    May 26, 2023

SO ORDERED.

Philip M. Halpern
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROSALIND WISE and MOONA CHOUDRY, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>COMBE INCORPORATED,<br><br>     Defendant. | **NON-DISCLOSURE<br>AGREEMENT**<br><br>Case No. 7:22-cv-10787 (PMH) |

I, _____ , acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those portions

of Discovery Material that have been designated as Confidential. I agree that I will not

disclose such Confidential Discovery Material to anyone other than for purposes of this

litigation and that at the conclusion of the litigation I will return all discovery information to

the Party or attorney from whom I received it. By acknowledging these obligations under the

Protective Order, I understand that I am submitting myself to the jurisdiction of the United

States District Court for the Southern District of New York for the purpose of any issue or

dispute arising hereunder and that my willful violation of any term of the Protective Order

could subject me to punishment for contempt of Court.

            _____

              Dated: