UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSALIND WISE and MOONA CHOUDHRY, individually and on behalf of all others similarly situated,<br><br>                       Plaintiffs,<br><br>    v.<br><br>COMBE INCORPORATED,<br><br>                       Defendant. | Case No. 7:22-cv-10787-PMH<br><br>Hon. Philip M. Halpern |

**STIPULATION AND [~~PROPOSED~~] ORDER CONCERNING PROTOCOL FOR
PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

This Stipulation and [Proposed] Order Concerning Protocol for Production of Electronically Stored Information ("ESI Protocol") is entered into between Plaintiffs Rosalind Wise and Moona Choudhry ("Plaintiffs") though their counsel, and Defendant Combe Incorporated ("Defendant" or "Combe") through its counsel (each a "Party," and collectively, the "Parties");

WHEREAS, counsel for the Parties have met and conferred regarding discovery of electronically stored information ("ESI") in the above-captioned action, and have entered into this ESI Protocol to facilitate the just, speedy, and inexpensive conduct of discovery of ESI and to promote, to the fullest extent possible, the resolution of disputes regarding the discovery of ESI without Court intervention.

WHEREAS the Parties therefore stipulate and agree as follows:

    1.    All Parties are bound by and subject to the terms of this ESI Protocol.

    2.    <u>Definitions</u>.  The following definitions shall apply solely for purposes of this ESI Protocol.

            a.    "Discovery Materials" is defined as all products of discovery and all

information derived therefrom, including, but not limited to, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents and things produced (including documents and things produced to the receiving Party for inspection and documents and things provided to the receiving Party, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, produced by any Party in the above-captioned matter.

      b.    "Plaintiffs" shall mean Rosalind Wise and Moona Choudhry, as well as their agents, consultants, and legal counsel.

      c.    "Defendant" or "Combe" shall mean Combe, as well as its officers, directors, and employees. To the extent Combe has custody or control over responsive and discoverable ESI maintained by its subsidiaries, consultants, legal counsel, or agents, this ESI Protocol shall also apply to Combe's search and production of such materials.

      d.    "Requesting Party" shall mean the Party requesting the search, review, and production of responsive ESI from any other Party pursuant to discovery requests served pursuant to the Federal Rules of Civil Procedure and applicable local rules.

      e.    "Responding Party" shall mean the Party responsible for the search, review, and production of responsive ESI pursuant to discovery requests served on it by any Party to this action.

    3.    <u>Cooperation</u>. The Parties shall conduct all discovery in a cooperative manner, including without limitation, by reasonably drafting discovery requests and responses, and producing ESI responsive thereto, in accordance with the Federal Rules of Civil Procedure; and by meeting and conferring in good faith on topics such as the identification of custodians of relevant ESI, potentially relevant data sources, search methodologies, cost of production and

allocation, and such other issues as may arise during the course of discovery.

    4.    <u>ESI Liaisons</u>.  Within five (5) business days of entry of this ESI Protocol, Plaintiff, on one hand, and Defendant, on the other hand, shall each designate and identify an appropriate ESI Liaison for purposes of addressing potential ESI disputes pertaining to Discovery.  An ESI Liaison may be a business entity or a natural person or persons.  Unless specifically indicated otherwise in this ESI Protocol, the Parties agree to work in good faith to schedule e-discovery conferences with respect to when the Parties' respective ESI Liaisons are available, if their input is anticipated to assist the Parties.

    5.    <u>Search And Review Methodology</u>.

    a.    The Parties will meet and confer and attempt in good faith to reach agreement regarding the following issues: (1) the identity of custodians who may have discoverable ESI; (2) the number of custodians from whom ESI should be searched; (3) the search terms or phrases to be employed in searching custodian ESI; (4) the date ranges for which potentially relevant ESI will be searched; (5) the identity of databases that may have discoverable ESI (including, but not limited to, the e-mail accounts of likely custodians and any file servers – whether on a local network or through cloud providers or otherwise – accessible by likely custodians that are used to share documents and files between and among departments); (6) the search terms, phrases, or parameters to be used in searching databases for responsive ESI.  Meet and confers conducted pursuant to this subsection need not involve the Parties' respective ESI Liaisons.  Within 21 days of the Parties' agreement to this Stipulation and the entry of this Stipulation through an Order of the Court, Defendant shall identify custodians who may have discoverable ESI, propose the number of custodians from whom ESI should be searched, and identify databases that may have discoverable ESI.  Thereafter, the Parties shall meet and confer in good faith to reach agreement within 7 business days.

    b.  Once the Requesting Party and the Responding Party reach agreement on a specific search of ESI to be conducted, the Responding Party shall conduct the search, in general, within 30 days (or a later timeframe agreed to by the Parties), and then inform the Requesting Party of the volume and type of the ESI that was found pursuant to the search. The Requesting Party and the Responding Party may (1) agree that a particular search is appropriate under the circumstances, in which case the Responding Party will commence with reviewing and producing responsive ESI; or (2) disagree that a particular search is appropriate under the circumstances, in which case the Parties will further meet and confer to determine a revised search. Meet and confers conducted pursuant to this subsection shall involve both Party's respective ESI Liaisons.

    c.  With respect to section 5 of this ESI Protocol, the Requesting Party does not waive its right to request, in good faith, that a search be enlarged to uncover additional responsive ESI, and the Responding Party does not waive its right to request that that a search be narrowed because it believes, in good faith, that a review and/or production of ESI pursuant to the search would exceed the scope, limits, or standards imposed under the Federal Rules of Civil Procedure, local rules or practices, or applicable case law.

    d.  With respect to section 5 of this ESI Protocol, if the Parties conduct a meet and confer regarding a search but reach an impasse and are unable to resolve the dispute, the Requesting Party may bring the issue to the Court for resolution using the process provided for in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and applicable bench rules and/or individual practices.

    e.  The Parties expect to employ one or more search methodologies, including possibly but without limitation the use of advanced search and retrieval technologies and/or technology-assisted review technologies, to identify potentially relevant ESI.

6. <u>Deduplication</u>.  The Parties shall make reasonable efforts to deduplicate ESI.  ESI may be deduplicated within each custodian and/or across custodians.  ESI will be considered duplicative if it has the same content excluding metadata.  For example, duplicates would include copies of the same electronic file saved on the local hard drives and/or network shared drives of multiple custodians, even if different instances of the file reflect different dates created in the metadata.

7. <u>Privilege Logs and Redaction</u>.  An email thread for which a Party claims a privilege may be logged in a single entry provided that such entry identifies all senders and recipients appearing at any point in the thread.

8. <u>Producing Format for ESI</u>.

    a. <u>File Format</u>.  In general, the Parties agree that responsive documents originally collected as ESI will be converted to either (a) TIFF format with corresponding TXT files that contain a given document's underlying text, extracted through Optical Character Recognition ("OCR"), or (b) native format for purposes of production, which shall include Microsoft Excel files, audio files, video files, and database files.  However, to the extent a Party believes it would be unwieldy or unduly cumbersome to produce certain responsive ESI in such formats, it may produce such responsive ESI in an alternate format following a reasonable meet and confer that includes all relevant file information, and notify the recipient Party of the files being produced in an alternate format.  All documents produced pursuant to subsection (a) of this paragraph shall be run through an OCR process, and the text shall be produced in a TXT file that contains the same Bates number as its corresponding TIFF image (*e.g.*, a document bearing Bates number 002356 shall result in two files for production:  002356.tiff and 002356.txt).  When e-mail files are produced pursuant to subsection (a) of this paragraph, the e-mails shall be printed to TIFF such that the headers are displayed (*i.e.*, To, From, Subject, Date,

and any Attachments shall be displayed at the top of each e-mail).  The producing Party shall also produce a load file for the Requesting Party.

    b. <u>Bates Numbering</u>.  Files will be named according to the Bates number of the corresponding production images.  The Bates number will (i) employ a consistent Bates prefix across the Party's entire production; (ii) contain no special characters; and (iii) be numerically sequential within a given document.  Attachments to documents will be assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached.  If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers will be noted.  Each ESI material produced in TIFF format shall include, on the bottom right hand corner of each page of the TIFF image, the assigned Bates number electronically burned onto the image.  Each ESI material produced in any non-TIFF format (including in Excel format) shall also be produced along with a slip page showing (1) the Bates number for the file, and (2) that the file is designated as Confidential pursuant to the Protective Order in this lawsuit, if such designation is applicable.  The file name will be disclosed in the corresponding metadata load file served with the production.

    c. <u>Metadata</u>.  The Parties agree that a Responding Party will produce e-mails in a format that includes sender, recipient(s), date, subject line and name of attachments (if any).  The Parties agree that a Responding Party will produce ESI (other than e-mails) in a format that captures or includes custodian name (or source); the author, and the date created, to the extent this information is available.  In general, the Parties agree that relevant ESI need not be produced in a format that captures or includes any other metadata in the first instance.  However, the receiving Party reserves the right to seek or request production of additional metadata for specified ESI materials if it believes such metadata is relevant, or may be relevant, to its claims or defenses in this consolidated lawsuit.

        d.        <u>Meet and Confer</u>.  To the extent a recipient Party believes that ESI produced is any way deficient, it shall meet and confer with the producing Party to resolve such issue or dispute.  Any meet and confer sessions under this paragraph shall involve both Party's respective ESI Liaisons.  If the Parties cannot reach agreement, the dispute shall be presented to the Court using the process provided for in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and applicable bench rules and/or individual practices.

        9.        <u>Cost-sharing</u>.  This ESI Protocol is without waiver of the right of the Responding Party to request that all or some portion of the cost of any specific search, review, or production of ESI be borne by the Requesting Party.

        10.        <u>Protective Order</u>.  This ESI Protocol incorporates the provisions of the Confidentiality Agreement and Stipulated Protective Order (the "Protective Order") in this case.  No provision of this ESI Protocol shall be interpreted as inconsistent with the Protective Order, and if there is a conflict between any provision of this ESI Protocol and the Protective Order, the provision of the Protective Order shall prevail.

SO STIPULATED.

By: ___/s/ Judi Abbott Curry___

**HARRIS BEACH PLLC**
Judi Abbott Curry
Kelly Jones Howell
100 Wall Street
23rd Floor
New York, NY 10005
Telephone: (212) 687-0100
Facsimile: (212)-687-0659
Email: jcurry@harrisbeach.com
       kjones@harrisbeach.com

*Attorneys for Defendant,*
*Combe Incorporated*

By: ___/s/ Philip L. Fraietta___

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
Max S. Roberts
1330 Avenue Of The Americas
32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com
       mrobert@bursor.com

**BURSOR & FISHER, P.A.**
Brittany S. Scott (*Pro Hac Vice*)
Emily A. Horne (*Pro Hac Vice*)
Bursor & Fisher, P.A.
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: bscott@bursor.com
       ehorne@bursor.com

*Attorneys for Plaintiffs*

Dated: August 8, 2023
      White Plains, New York

**SO ORDERED.**

_____
HON. PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE