# BURSOR

**1330 AVENUE OF THE AMERICAS
32ND FLOOR
NEW YORK, NY 10019
www.bursor.com**

> Application granted. A conference is scheduled for October 5, 2023 at 4:00 p.m. concerning the matters raised in the parties' joint letter (Doc. 38). The conference will be held in-person in Courtroom 520 of the White Plains courthouse.
>
> The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 38.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        October 2, 2023

*By E-File*

The Honorable Philip M. Halpern

Re: *Wise v. Combe Inc.*, Case No. 7:22-cv-10787-PMH

Dear Judge Halpern,

Pursuant to Your Honor's Individual Practices 4.D, Plaintiffs Rosalind Wise and Moona Choudhry ("Plaintiffs") and Combe Inc. ("Defendant") hereby submit this joint letter regarding a discovery dispute. The parties request a pre-motion discovery conference with the Court pursuant to Local Civil Rule 37.2. Plaintiffs served discovery on Defendant on May 30, 2023. Defendant served responses on July 13, 2023. On July 27, 2023, the parties discussed Defendant's responses to Plaintiffs' initial discovery requests. The telephonic meet-and-confer lasted approximately forty minutes. Plaintiffs' attorneys on the call included Phil Fraietta, Max Roberts, Brittany Scott, and Emily Horne. Defendant's attorney on the call was Judi Abbott Curry. The Parties' ESI Protocol was so-ordered by the Court on August 8, 2023, and search terms and databases were agreed-upon on September 1, 2023. On August 18, 2023, Ms. Curry sent Plaintiffs' counsel a letter addressing issues raised during the meet and confer.

## I. Discovery In Dispute

A. <u>Plaintiffs' Request For Production No. 23</u>: Plaintiffs have requested "DOCUMENTS sufficient to show all (past, present, and proposed) formulation, recipe, design, or manufacturing

instructions for each SKU of the INTIMATE WASH PRODUCTS during the CLASS PERIOD, and any proposed changes thereto (regardless of whether such changes were implemented)."[1]

B. <u>Scope of Products</u>: The parties dispute whether the scope of discovery should encompass all Products identified in the First Amended Complaint or only the Products actually purchased.

**II.    Plaintiffs' Position**

This is a putative class action against Defendant for manufacturing, distributing, and selling "intimate washes" (the "Products").[2] Defendant represents the Products are suitable for vulvar cleansing. However, the Products are allegedly not suitable for the vulva and the medical community is adamant that intimate washes are unnecessary and harmful to women's health.

A. <u>The Formulation Information Is Relevant</u>:  Defendant objects to producing the Products' formulation because, among other things, Defendant asserts the list of ingredients on the Products' label is sufficient.  However, as Defendant's position is that the Products are *specifically formulated* to be suitable for use on the vulva, it follows that the formulation is relevant. *See, e.g.*, *Franco v. 380 Second LLC*, 2023 WL 2535214, at *2 (S.D.N.Y. Mar. 16, 2023) (finding discovery relevant when it was relevant to an affirmative defense); *Duffy v. Illinois Tool Works Inc.*, 2018 WL 1335357, at *5 (E.D.N.Y. Mar. 15, 2018) (compelling production of formula—a trade secret—because the concentration of the ingredients was important information at issue); *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 107 F.R.D. 288, 298 (D. Del. 1985) ("Without the complete formulae, plaintiffs will be foreclosed from presenting all the relevant evidence in support of their position."); *cf. Alleyne v. A.O. Smith Water Prods. Co.*, 2019 WL 4259671, at *4 (N.Y. Sup. Ct. Sept. 9, 2019) (denying plaintiff's

---

[1] All capitalized terms shall have the same meaning as ascribed to them in Plaintiffs' First Set of Requests for Production, attached hereto as **Exhibit 1**.
[2] The Products at issue include: Odor Block Daily Intimate Wash, pH Balance Wash, Unscented Daily Intimate Wash, OMV! All-Day Fresh Wash, and Scentsitive Scents Wash in all scents.

motion to compel a perfume formula—which was only one component of the powder at issue—because plaintiff could authenticate the powder samples she purchased on the internet with the samples provided by defendant to determine whether the powder she used from 1980 to 2010 contained asbestos); *Thomas v. Soft Sheen Prod. Co.*, 118 A.D.2d 493, 494 (1st Dep't 1986) (denying motion to compel hair product formula in personal injury case where defendant did not argue the formula itself made the product safe and, instead, the product was misapplied).

   B. <u>Defendant Cannot Limit The Scope Of Products</u>:  Defendant objects to Plaintiffs' requests for information regarding Products other than those Plaintiffs purchased because, according to Defendant, the remaining Products are not relevant or similar. However, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Here, Plaintiffs purchased the Vagisil Scentsitive Scents[3] and Vagisil pH Balance Products (the "Purchased Products"). Plaintiffs allege (i) the Purchased Products are substantially similar to the remaining Products and (ii) all Products misrepresent that they are suitable for vulvar cleansing. Thus, as it stands, Plaintiffs' claims encompass all Products.  *See*, *e.g.*, *Basis Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d 417, 421 (S.D.N.Y. 2014) (holding that because the plaintiff had Article III standing in a putative class action, plaintiff was entitled to discovery of all fax advertisements and not limited to the advertisements received by plaintiff). Until and unless the Court dismisses Plaintiffs' claims for similarly situated products, Plaintiffs are entitled to discovery for these other products.

---

[3] Plaintiffs purchased Scentsitive Scents in Spring Lilac, Peach Blossom, Rose All Day, White Jasmine, and Coconut Hibiscus.

**III. Defendant's Position**

This action involves an implausible theory of liability which attacks on an entire industry, challenging women's choice to use body wash on the vulva (external female genital area). During the May 2, 2023 pre-motion conference for Combe's Motion to Dismiss, Ms. Curry requested a stay of discovery based upon the obvious lack of merit of Plaintiffs' claims. Judge Halpern stated that while he was not inclined to stay discovery, he cautioned Plaintiffs' counsel not to get "over enthusiastic". Plaintiffs now press for discovery which is significantly over-enthusiastic, discovery not demonstrated to be relevant or proportional. Further, the discovery disputes at bar were created by their own indecision in fashioning their claims.

A. Plaintiffs Have Not Demonstrated Relevance Of Vagisil's® Product Formulas: Plaintiffs have already been provided with front-and-back product labels, listing the ingredients of each product in descending order of predominance. *See* 21 C.F.R §701.3(a). Plaintiffs cannot demonstrate why they need to know the specific amount of each ingredient. This is not a products liability action and in fact in their Opposition to the pending Motion to Dismiss, Plaintiffs clarified they are not claiming personal injury (which in fact Judge Halpern had warned would be a mistake, to mix contract and tort). Moreover, New York courts often decline to compel disclosure of such "formula" information, even under a confidentiality order. *See Alleyne v. A.O. Smith Water Prods. Co.*, 2019 N.Y. Misc. LEXIS 4903, 2019 NY Slip Op 32668(U) (Sup. Ct., N.Y. County 2019) (Court denied plaintiff's motion to compel the formula for the iconic fragrance Chanel No. 5) and *Thomas v. Soft Sheen Products*, 118 A.D.2d 493 (1st Dept. 1986) (Court ruled that hair care formula trade secret information need not be disclosed even though subject to a confidentiality restriction). Plaintiffs should be required to show the formula is "indispensable to the ascertainment of truth and cannot be acquired in any other way". *See Deas v. Carson*

*Products Co.*, 172 A.D.2d 795 (2d Dept. 1991). Moreover, the request for formula-based discovery will exponentially increase the scope of discovery, and attendant costs.

B. Plaintiffs Have No Standing To Discover Products Never Used: Plaintiffs cannot claim injury from products not purchased unless their claims would raise a "nearly identical" set of concerns. *See Eshelby v. L'Oreal USA, Inc.*, No. 22 Civ. 1396, 2023 U.S. Dist. LEXIS 52092, at *14 (S.D.N.Y. March 27, 2023). The products identified by Plaintiffs as purchased by them are: pH Balance, Scentsitive Scents in Peach Blossom. Rosé All Day, Spring Lilac, White Jasmine, and Coconut Hibiscus. Neither Plaintiff bought Unscented Daily Intimate Wash, Odor Block, Leak Rescue Wash, Scentsitive Scents Wash in Cucumber Magnolia, or any OMV! All-Day Fresh Wash (in Berry Bliss, Vanilla Clementine, or Juicy Watermelon), and Plaintiffs cannot show they are substantially similar to the purchased Products. In their opposition to the Motion to Dismiss, Plaintiffs withdrew their Healthy Detox Wash product claims, yet they still seek discovery for that product. As such, the products "at issue" are a moving target of Plaintiffs' own doing. Since inclusion of every single product in the Vagisil® wash product line will greatly increase the scope and expense of discovery, we had suggested waiting until the Court adjudicates the product standing issue, but Plaintiffs declined.

Very truly yours,

Philip L. Fraietta