April 29, 2024

**HARRIS BEACH** <sup>PLLC</sup>
ATTORNEYS AT LAW

445 HAMILTON AVENUE, SUITE 1206
WHITE PLAINS, NEW YORK 10601
914.683.1200

Hon. Philip M. Halpern
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

KELLY JONES HOWELL
MEMBER
DIRECT:  212.912.3652
FAX:      914.683.1210
KHOWELL@HARRISBEACH.COM

RE:    Wise v. Combe Incorporated, Docket No. 22-cv-10787(PMH)

Dear Judge Halpern:

We are counsel to Defendant in the above-referenced putative class action.  We submit this

letter jointly with counsel for Plaintiffs in accordance with Your Honor's Individual Practices and

April 5, 2024 Notice of Initial Conference. The parties have agreed to establish scheduling

deadlines but have not reached an agreement on the scope of the Civil Case Discovery Plan.

Defendant now seeks the Court's permission to file a m

briefing schedule.

**Defendant's Statement Regarding Threshold Issue I**

The crux of this lawsuit is whether the use of

and/or "safe" for women to use on their external genital

issue for the three remaining causes of action in Plaintif

47 ("Plaintiffs contend that these representations—na

> The issues discussed in the parties' April 29, 2024 joint letter (Doc. 51) will be addressed at the May 6, 2024 initial pretrial conference.
>
> The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 51.
>
> SO ORDERED.
>
> *[signature]*
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
> April 29, 2024

daily intimate wash for the vulva' are false and misleading to consumers because the 'medical

community is adamant that women should only use water to clean their vulvas and that intimate

washes are harmful to women's health.'"). Plaintiff has the burden to prove the Products are

unsafe, and threshold issue discovery would create a streamlined approach to address this core

---

[1] The First Amended Complaint (FAC) is replete with references that the basis of Plaintiffs' claims is that the Products are not suitable for vulvar use. FAC ¶¶ 6, 8 – 11, 20, 21 – 33, 36 – 53, 71, 74, 75, 77, 84, 87, 98, 99, 104 – 106 (referencing "suitability" or "safety" of vulvar use in all remaining causes of action).

April 29, 2024
Page 2



issue prior to irrelevant and expensive class discovery. Therefore, Defendant seeks leave to move

for  threshold  issue discovery on whether the intimate washes are suitable for use on the vulva.

*See* Defendant's Proposed Case Discovery Plan as to Threshold Issue Discovery for the Court's

consideration, with Exhibit A providing a briefing schedule for Summary Judgment Motions.

The notion of threshold discovery is well-established in the Southern District of New York.

The Federal Rules of Civil Procedure "govern the procedure in all civil actions [and] should be

construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive

determination of every action and proceeding." *See* Fed. R. Civ. P. 1. Accordingly, district courts

routinely design scheduling orders to address threshold issues at the outset in the interest of judicial

economy. *See, e.g.*, *Funk v. Belnefekhim*, 861 F.3d 354, 359-360 (2d Cir. 2017) (ordering "limited

jurisdictional discovery to allow parties" to supplement briefing on pre-answer motion to dismiss);

*Maryland Cas. Co. v. W.R. Grace & Co.*, No. 88 Civ. 4337 (JSM) 1995 U.S. Dist. LEXIS 9337

(S.D.N.Y. Jul. 6, 1995) (scheduling discovery on the threshold issue of the nature of the alleged

pollution to determine if insurance coverage applied); *In re Old Mkt. Group Holdings Corp.*, 647

B.R. 104, 109 (Bankr. S.D.N.Y. 2022) (scheduling briefing on the threshold issue of damages).

Specifically, in *Maryland Cas. Co.*, 1995 U.S. Dist. LEXIS 9337 at *1, a complex

insurance coverage case requiring "extensive and expensive discovery," the Southern District

Court ordered that discovery first occur on the threshold factual issue of whether the alleged

pollution damages were sudden or gradual as coverage existed only for sudden pollution

occurrences. The court held that such discovery would "expedite and narrow [the] the litigation

(*Id.* at *1) and that "there is no procedural barrier" to such scheduling. *Id*. at *4. Indeed, the Court

held "it is a court's fundamental responsibility to conclude without delay any claim lacking in legal

or factual merit." *Id*. at *4. Here, there is no basis for pursuing the time and expense of class

April 29, 2024
Page 3



certification analysis, including class-specific written discovery, depositions, and certification

motion practice, before determining if there is any basis to believe the absurd notion that body

wash is unsafe for vulvar use. Not surprisingly, Plaintiffs are intent on focusing the attention of

this matter on alleged damages and class certification, without first having a ruling on the threshold

issue critical to each remaining cause of action alleged -- whether it is unsafe to cleanse external

female genitalia with the Products. Notwithstanding Plaintiffs' position today that suitability for

use on the vulva is a common (class) issue, their Amended Complaint does not plead that issue as

a common question of law or fact. *See* Docket 17, ¶59.

However, if the Court is inclined to accept Plaintiffs' Proposed Discovery Plan, Defendant

objects to Plaintiffs' Exhibit A Proposed Schedule for Class Certification, both because Fed. R.

Civ. P.  R. 56 Summary Judgment motions should be prioritized over Plaintiffs' motion for class

certification and Plaintiffs propose to move to certify before discovery is complete. Defendants

posit that this Court may not ever address the secondary issue of class certification, as it is well

settled that resolving dispositive motions before turning to class certification is typically the proper

course. *See*, *e.g.*, *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 239 (2d Cir. 1998) (the decision

to award summary judgment before acting on class certification is well within the discretion of the

district court); *see Saunders v First Priority Mtge., Inc*., 06-CV-586S, 2010 WL 11685293, at *1

(WDNY Aug. 17, 2010) (appropriate for district court to first consider whether any named Plaintiff

may maintain a claim for relief prior to moving forward on class certification). *Accord Corbin v*

*Time Warner Entertainment-Advance/Newhouse P'ship*, 821 F.3d 1069, 1086 (9th Cir. 2016) (if

claim was without merit as applied to plaintiff, it followed that the district court need not inquire

as to whether that meritless claim should form the basis of a class action).

April 29, 2024
Page 4



**Plaintiffs' Statement**

Because this is a putative class action, Plaintiffs respectfully request that the Court set the

motion for summary judgement deadline for a date following its ruling on Plaintiffs' anticipated

motion for class certification.   "Courts have held that in general, issues relating to class

certification should be decided before a decision on the merits is rendered." *Mendez v. The Radec*

*Corp.*, 260 F.R.D. 38, 44 (W.D.N.Y. 2009).   This is known as the "rule against one-way

intervention," which "prevents plaintiffs from moving for class certification after acquiring a

favorable ruling on the merits of a claim." *Chery v. Conduent Education Servs., LLC*, 581 F. Supp.

3d 436, 445 (N.D.N.Y Jan. 20, 2022) (quoting *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th

Cir. 2016)).  This rule is intended to benefit Defendant.  In other words:

> If an individual plaintiff were to get a favorable ruling on the merits
> prior to certification—and its corresponding notice and opportunity
> to opt out—then class members are incentivized to remain in the
> lawsuit to take advantage of a favorable ruling.  If an individual
> plaintiff got an unfavorable ruling on the merits prior to class
> certification, class members are incentivized to opt out of the class
> to avoid application of the unfavorable ruling.

*Chery*, 581 F. Supp. 3d at 445 (cleaned up).  "Thus, in the mine run of class action suits, allowing

class members to decide whether or not to be bound by a judgment depending on whether it is

favorable or unfavorable is strikingly unfair to the defendant." *Id.* (cleaned up).

In addition, Plaintiffs respectfully request that the Court not bifurcate class and merits

discovery.  "A district court has 'considerable discretion to stay discovery' under Federal Rule of

Procedure 26(c), with the moving party having the burden of establishing good cause."

*Cunningham v. Big Think Capital Inc.*, 2024 WL 44007749, at *2 (E.D.N.Y. Sept. 27, 2021)

(citations omitted).  "However, a survey of past cases in this Circuit suggests that bifurcation is

the exception, not the rule." *Id.*, at *3.  "Indeed, courts are likely to deny bifurcation 'where

April 29, 2024
Page 5

HARRIS BEACH ᴾᴸᴸᶜ
ATTORNEYS AT LAW

discovery relating to class issues overlaps substantially with merits discovery' given that, in such circumstances, 'bifurcation will result in duplication of efforts and needless line-drawing disputes.'" *Id.* (quoting *Hines v. Overstock.com, Inc.*, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2020)).

Here, Defendant proposes that the Court limit discovery to just whether the Products are suitable for use on the vulva. However, this issue goes to both class and merits discovery. Whether the Products are suitable for use on the vulva is a merits issue and a common question, which is as a class issue. Thus, because merits and class discovery will overlap substantially, bifurcated discovery is not warranted. *See, e.g., Cunningham*, 2021 WL 44007749, at *4.

In addition, the Court already allowed non-bifurcated discovery to proceed during the pendency of the motion to dismiss. And this case is already in its second year. Allowing discovery to be phased will only delay the ultimate resolution of this matter, rather than leading to the "just, speedy, and inexpensive determination of" this action. Fed. R. Civ. P. 1.

Pursuant to Your Honor's Individual Practices, the parties conferred on April 24, 2024 in a telephone conversation between Kelly Jones Howell, Esq. and Emily Horne, Esq., which was followed up by an e-mail on April 25 wherein plaintiffs' counsel advised they did not agree to limit discovery to the threshold issue.

Plaintiffs' and Defendant's respective proposed Civil Case Discovery Plan and Scheduling Orders are attached.

Very truly yours,

HARRIS BEACH PLLC

Kelly Jones Howell